Filed 2/21/23 P. v. Price CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>SCOTT RICHARD PRICE,<br><br>    Defendant and Appellant. | C095882<br><br>(Super. Ct. No. 21FE002983) |

Appointed counsel for defendant Scott Richard Price asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal that would result in a disposition more favorable to defendant. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record has disclosed that the trial court failed to impose the required $300 stayed parole revocation restitution fine (Pen. Code, § 1202.45)[1] and the amended abstract of judgment failed to properly record the credits for time served attributable to this case.  We will amend the judgment to

---

[1]    Undesignated statutory references are to the Penal Code.

1

impose and stay this fine, order the abstract of judgment corrected, and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint charged defendant with taking and driving a vehicle (Veh. Code, § 10851, subd. (a)) and several other crimes. Pursuant to a plea agreement, defendant pleaded no contest to the taking and driving a vehicle count and the remainder of the counts were dismissed.

In April 2021, the trial court sentenced defendant to the low term of 16 months in prison in this case (the "983 Case"), concurrent with sentences imposed in two other cases: 20FE010249 (the "249 Case") and 20FE002590 (the "590 Case"). The trial court imposed a restitution fine of $300 under section 1202.4, subdivision (b), a court security fee of $40 under section 1465.8, a court facility fee of $30 under Government Code section 70373, and ordered restitution in an amount to be determined. At the April 2021 sentencing, the trial court did not impose and suspend a $300 parole revocation restitution fine pursuant to section 1202.45.

In November 2021, defendant sent a letter to the trial court indicating he did not commit the crime charged in the 983 Case, although he admitted he had possession of a stolen car that he did not take and that he was under the influence. He further stated he "did not get credit for . . . three cases that are sentenced concurrent."

Defendant filed a notice of appeal on January 26, 2022, without specifying the date of the order or judgment he sought to appeal. He filed a second notice of appeal on February 14, 2022, again failing to specify the appealable order.

On February 18, 2022, the trial court issued an order nunc pro tunc to April 30, 2021, correcting the amounts of credit awarded and instructing the clerk to correct the abstract of judgment.

We deemed defendant's February 14, 2022 notice of appeal to be from the court's February 18, 2022 postjudgment credits order issued nunc pro tunc to April 30, 2021.

2

## DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal in accordance with *Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.[2]

While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, holding an appeal from the denial of postconviction relief under section 1172.6 does not implicate a constitutional right to counsel, and thus the procedures set out in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] and *Wende, supra*, 25 Cal.3d 436 do not apply. (*Delgadillo, supra*, at p. 226.) The *Delgadillo* court further rejected the defendant's claim that general due process principles and the California Constitution requiring fundamental fairness mandate a *Wende*-type review of his postjudgment order. (*Id.* at pp. 230-231.) In light of this holding, the *Delgadillo* court specified a general procedure for providing defendant with additional notice and an opportunity to file a supplemental brief in postjudgment appeals, however, in that case, our high court elected to independently review the record in the interest of judicial economy. (*Id.* at pp. 231-232.) We will follow that same path.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court failed to orally impose the required $300 stayed parole revocation restitution fine. (§ 1202.45.) We can and will correct the trial court's failure to impose this mandatory sentence requirement. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854 [Court of Appeal may correct errors associated with mandatory sentencing choices

---

[2]     This court struck a packet of documents filed by defendant on October 27, 2022, and returned it to defendant as unfiled, as it was not a supplemental brief.

3

without the need to remand for further proceedings].) We also note the abstract of judgment incorrectly identifies the proper cases for the credits for time served. The abstract of judgment identifies this case as "Case B" and awards zero credits for time served under item 16 of the abstract of judgment and instead shows those 145 days of credit awarded under "Case C." Those 145 days should be reflected under this case, "Case B." We will order that item corrected as well.

Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

DISPOSITION

The judgment is modified to impose and stay a $300 parole revocation restitution fine. (§ 1202.45.) The trial court is further directed to correct the amended abstract of judgment and February 18, 2022 minute order to reflect the imposition and stay of this fine and move the credits for time served from "Case C" to "Case B." The trial court shall send a certified copy of the corrected amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

                                        _____KRAUSE_____, J.


We concur:


_____RENNER_____, Acting P. J.


_____EARL_____, J.

4